OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 24, 2000

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0298

Re: Whether a person who is employed outside the service area of a local workforce development board may represent the private sector on the board, and related question (RQ-0240-JC)

Dear Senator Madla:

Section 2308.255 of the Government Code requires that appointments to a local workforce development board "reflect the ethnic and geographic diversity of the workforce development area." TEX. GOV'T CODE ANN. § 2308.255(b)(2) (Vernon 2000). In addition, board members who represent the private sector "must reasonably represent the industrial and demographic composition of the business community." *Id.* § 2308.256(b). You ask whether a person who is not employed within the local workforce service area is, for that reason alone, ineligible to represent the private sector on a local workforce development board.[1] The person is not ineligible.

You also ask whether the board must, in the midst of her term, replace a board member who is not employed within the local workforce service area, "as she no longer meets the requirements for service on the Board." Request Letter, note 1, at 1. This question assumes that, because the chair is "not currently employed in the local service area," she is no longer eligible to serve on the board. *Id.* Our response to your first question negates that assumption, and so we do not address your second question.

Your questions concern the Alamo Workforce Development, Inc. Board, which "operates state programs in Bexar and its surrounding counties." *Id.* Many of the facts about the person you specifically ask about are disputed,[2] and we cannot resolve the dispute. *See* Tex. Att'y Gen. Op. No.

---

[1]*See* Letter from Honorable Frank Madla, Chair, Intergovernmental Relations Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (June 6, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See* Legal Memorandum from Rochel Lemler (Oct. 14, 1999) at 1, attached to Request Letter, *supra* note 1; Letter from Kay Peck, Chair, Alamo Workforce Development, Inc. Board, to Honorable John Cornyn, Texas Attorney General (July 25, 2000); Letter from J. Randel (Jerry) Hill, General Counsel, Texas Workforce Commission, to Honorable John Cornyn, Texas Attorney General (Aug. 18, 2000) [hereinafter Workforce Commission Letter]; Letter from Rochel J. Lemler & Bettye J. Hill, Lemler & Assocs., P.C., to Honorable John Cornyn, Texas Attorney General
(continued...)

JC-0020 (1999) at 2 ("[I]nvestigation and resolution of fact questions . . . cannot be done in the opinion process."); DM-98 (1992) at 3 ("[Q]uestions of fact . . . cannot be resolved in the opinion process."). Rather, we answer only the legal question you pose.

The Alamo Workforce Development, Inc. Board is a local workforce development board created for the Alamo Workforce Development Area under section 2308.253 of the Government Code.[3] *See* TEX. GOV'T CODE ANN. § 2308.253 (Vernon 2000). Part of the Workforce and Economic Competitiveness Act (the "Act"), section 2308.253 authorizes the chief elected officials in a workforce development area to create a local workforce development board to plan and oversee delivery of workforce training and services and to evaluate workforce development in the area. *See id.* § 2308.253(a); *see also id.* §§ 2308.251 (defining board), .252 (designating workforce development areas).

The chief elected officials also appoint board members. Under section 2308.255, each appointment must comport with applicable local agreements and with federal and state law. *See id.* § 2308.255(b)(2). We presume that the appointment of a person who is not employed within a local workforce service area is not inconsistent with any applicable local agreement. *See id.* And, because the Secretary of Labor has considered the criteria used for appointment of local board members, we do not address whether federal law requires a result that differs from state law. *See* 29 U.S.C. §§ 2822, 2832 (Supp. IV 1998). We consider only the Act.

Under section 2308.256 of the Government Code, a board comprises representatives of the private sector, of organized labor, of community-based organizations, and of various other sectors, such as educational agencies, vocational rehabilitation agencies, and local literacy councils. *See* TEX. GOV'T CODE ANN. § 2308.256(a) (Vernon 2000). Each appointment to the board must "reflect the ethnic and geographic diversity of the workforce development area." *Id.* § 2308.255(b)(2). Private-sector representatives must satisfy additional statutory requirements. First, a private-sector representative must either own a business, be the chief executive officer or chief operating officer of a nongovernmental employer, or be a private-sector executive who bears "substantial management or policy responsibilities." *Id.* § 2308.256(a)(1)(B). Second, private-sector representatives must be nominated and selected to represent the business community:

> Private sector representatives on the board are selected from individuals nominated by general-purpose business organizations that have consulted with and received recommendations from other business organizations in the workforce development area. . . . The nominations and the individuals selected from the nominations must reasonably represent the industrial and demographic composition of the business community. Not less than one-half of the business and

---

[2](...continued)
(Aug. 14, 2000) [hereinafter Lemler & Hill Letter] (all documents on file with Opinion Committee).

[3]*See* Peck Affidavit ¶ 2 (Aug. 14, 2000), attached to Lemler & Hill Letter, *supra* note 2.

> industry representatives must be, if possible, representatives of small businesses, including minority businesses.

*Id.* § 2308.256(b).

As a matter of law, a person is not ineligible to serve as a private-sector representative on a board solely because the person is employed outside the workforce development area. Nothing in the Act mandates that a private-sector representative must be employed within the local workforce area. Rather, each appointment must "reflect the ethnic and geographic diversity of the workforce development area" and must "reasonably represent the industrial and demographic composition of the business community." *Id.* §§ 2308.255(b)(2), .256(b). This office cannot determine whether a particular appointment reflects the diversity and the industrial and demographic composition of the workforce development area.

Relevant regulations are consistent with section 2308.256 and our interpretation of it. Title 40, section 801.1(g)(2)(C) of the Texas Administrative Code contains the regulatory counterpart to the statutory requirements for private-sector representatives:

> (i) Private sector members shall be owners of business concerns, chief executives, chief operating officers of nongovernmental employers, or other private sector executives who have substantial management or policy responsibility. No more than 10% of the board membership should be composed of private sector representatives who employ fewer than five employees.

> (ii) Private sector membership should represent the composition of the local pool of employers. The private sector membership should include representatives of the region's larger employers and emerging growth industries. Primary consideration should be given to private sector employers who do not directly provide employment and workforce training services to the general public. CEOs must develop a profile of the area's major industries using locally obtained information and state published data. The [Texas Workforce] Commission will provide relevant labor market information, including data which identify employment trends, emerging and growth industries, the size of local employers, and other data needed to assist CEOs in developing the employer profile. Documentation submitted with the application must show how the regional employer profile is reflected in the board membership.

40 TEX. ADMIN. CODE § 801.1(g)(2)(C)(i), (ii) (2000) (Tex. Workforce Comm'n, Local Workforce Development Boards). You suggest that subsection (ii) mandates that a private-sector representative must be locally employed. *See* Request Letter, *supra* note 1, at 1. In its letter to us, however, the Workforce Commission correctly points out that subsection (ii) states that the private-sector

membership "*should* represent," in the first sentence, and "*should* include," in the second sentence. *See* Workforce Commission Letter, *supra* note 2, at 2. The Workforce Commission contends that "[t]he term 'should' in the context of the Commission's rules[] is a permissive statement, not to be confused with the imperative or mandatory nature of 'must,' which is used in other provisions of the section in question." *Id.* at 2; *see, e.g.,* 40 TEX. ADMIN. CODE § 801.1(g)(2)(C)(iii). This construction comports with the common understanding of the word "should." *See* XV OXFORD ENGLISH DICTIONARY 150, 154-55, sense 18 (2d ed. 1989) (defining "shall"). Moreover, the rule cannot require that an individual board member be employed within the workforce development area when section 2308.255 of the Government Code does not. An agency rule may not impose burdens, conditions, or restrictions that exceed or are inconsistent with relevant statutes. *See* Tex. Att'y Gen. LO-98-029, at 2; *see also* Tex. Att'y Gen. Op. No. H-1065 (1977) at 3 (stating that State Board of Morticians has no jurisdiction of its own members' qualifications).

Given that the person you describe is not, as a matter of law, ineligible for appointment to the Alamo Workforce Development, Inc. Board, we do not consider your second question, which assumes that the person is ineligible to serve on the board.

## S U M M A R Y

Under state law, a person who is employed outside the service area of a local workforce development board is not, for that reason alone, ineligible to serve as a private-sector representative on the board.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee